IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FABINSON JIMENEZ GALVAN,

    Petitioner,

v.                                                                                    No. 2:26-cv-01022-KG-GJF

MARY DE ANDA-YBARRA, et al.,

    Respondents.

**<u>MEMORANDUM ORDER AND OPINION</u>**

This matter is before the Court on Petitioner Fabinson Jimenez Galvan's Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241, Doc. 1.  Because Petitioner's challenge presents a purely

legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for

the reasons below.

## I.    *Background*

Petitioner, a citizen of Colombia, entered the United States without inspection on December

20, 2024, and was apprehended by Customs and Border Patrol agents ("CBP").  Doc. 6 at 1–2.

Petitioner was interviewed by an asylum officer and found to have established a credible fear of

past persecution.  *Id.* at 2.  Petitioner was released on his own recognizance on December 24, 2024,

but was redetained on December 10, 2025, when he appeared for a check-in with Immigration and

Customs Enforcement agents in El Paso, Texas.  Doc. 7 at 1.  An Immigration Judge ordered

Petitioner be removed to Honduras on January 26, 2026.  Doc. 6 at 2.  Petitioner appealed the

decision to the Board of Immigration Appeals.  Doc. 1 at 2–3.  His appeal is currently pending.  *Id.*

Petitioner challenges his continued detention, arguing that he has been detained without an

individualized bond hearing in violation of the Fifth Amendment's Due Process Clause.  Doc. 1 at

6.  The Government argues that Petitioner's detention is mandatory under 8 U.S.C. § 1225 but concedes that courts in this district have ruled otherwise in cases with similar facts.  Doc. 6 at 3.

## II.    Standard of Review

A habeas petition seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas review is proper where an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    Analysis

For the reasons below, the Court concludes that (A) § 1226 governs Petitioner's detention; (B) Petitioner's detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment; and (C) release is warranted.

### A.    Petitioner's detainment is governed by § 1226.

"Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal."  *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1295 (D.N.M. 2025).  Section 1225 governs noncitizens who are detained at a port of entry or shortly after entry.  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  This includes noncitizens deemed to be "seeking admission" into the United States, 8 U.S.C. § 1225(a), as well as those placed in expedited removal proceedings under § 1225(b)(1).  Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

By contrast, § 1226 "applies to [noncitizens] already present in the United States."  *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).  Section 1226 permits, but does not require, the Attorney General to arrest and detain a noncitizen pending removal proceedings.  *Id.*  "Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings as described by federal regulation."  *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295.

2

Section 1226(a) governs Petitioner's detention. *See Barco Mercado v. Francis*, 2025 WL 3295903, at \*13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts).[1] Noncitizens, like Petitioner, who reside in the country are "no longer seeking to enter the United States (lawfully or otherwise)—they are already here." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296 (internal quotation marks and citation omitted). Petitioner had lived in the United States for nearly one year before he was redetained. Doc. 7 at 1. Given his presence in the United States, the Court concludes that § 1226(a) governs Petitioner's detention and his prolonged confinement without an individualized bond hearing violates the INA.

The Court's conclusion is well supported by prior decisions. The Government concedes that the material facts here are materially indistinguishable from those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court held that § 1226 governed the detention of a noncitizen present in the United States and not apprehended at or near the border. *See* Doc. 6 at 3–4. The Court has reached the same conclusion in numerous similar cases. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at \*3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at \*3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at \*2 (D.N.M.). The Government acknowledges that these decisions control here if followed. Doc. 6 at 3–4. Because the Government offers no new basis for Petitioner's continued detention, he is entitled to relief.

### B.    *Petitioner's detention violates the Due Process Clause.*

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V.

---

[1] There is currently a circuit split on this issue. The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under 8 U.S.C. § 1226(a). See *Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. 2026). The Fifth and Eighth Circuits have reached the opposite conclusion. See *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Tenth Circuit has not yet addressed the question.

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295. Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process." *Id.*

### C.    *The proper remedy is release.*

The Court next turns to the appropriate remedy. Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original). Given the Government's conduct here, release is warranted. *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo.) (same).

## III.    *Conclusion*

For the reasons stated, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2.  Before Petitioner's removal order becomes final, the Government may not redetain him absent a predetention hearing before a neutral Immigration Judge at which the Government must establish, by clear and convincing evidence, that he poses a danger or flight risk.  This Order does not affect the Government's ability to detain Petitioner once his removal order becomes final—at that point, his detention is governed by the mandatory detention provision of § 1231.

3.  The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.